**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD DWAYNE SCOTT, JR., | Case No. EDCV 19-2090-JFW (JPR) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| ROBERT SHIVELY, Pennsylvania Department of Transportation Director, | |
| Defendant. | |

On October 18, 2019, Plaintiff, proceeding pro se, filed a civil-rights action under 42 U.S.C. § 1983. Before the Court could consider his request to proceed in forma pauperis or screen the Complaint, he filed a First Amended Complaint on November 15, 2019. He was subsequently granted leave to proceed in forma pauperis.[1]

---

[1] Plaintiff appears to have attempted to serve the Summons and Complaint on U.S. Attorney for the Western District of Pennsylvania Scott W. Brady. (See Non-Service Reports, ECF Nos. 10-11.) It is not clear why Plaintiff would serve a federal official when he sues a state one. Beyond that, any attempt at service by Plaintiff is improper. Under 28 U.S.C. § 1915(e)(2), the Court must, before ordering service of a pleading filed by a plaintiff proceeding in forma pauperis, review it and dismiss it if it is "frivolous or malicious," "fails to state a claim on which relief may be

1

Plaintiff sues Defendant, who he claims is the "Director" of Pennsylvania's Department of Transportation (PennDOT), in his official capacity. (FAC at 1-2.)[2] His claims arise from the suspension of his California personal and commercial driver's licenses. He alleges that California DMV officials suspended those licenses, which he had held for over 30 years, because his driving privileges had been suspended in Pennsylvania. (Id. at 2-3, 5, 9.) After he unsuccessfully attempted to renew his licenses in 2017, he discovered that PennDOT had suspended his license in 1982 when he failed to pay an arbitrator's judgment against him stemming from a 1979 car accident in Pittsburgh. (Id. at 2-4, 6.)

Plaintiff contacted PennDOT and was told that "an administrative notice" concerning the suspension "was mailed out to [him] in 1982." (Id. at 6.) He alleges that he has never been in an accident in Pittsburgh, was not notified of any judicial hearing about the accident, never had any opportunity to "challenge the validity of the case," and was not notified of any

---

granted," or "seeks monetary relief against a defendant who is immune from such relief." For the reasons stated in this order, the FAC does not state any claims on which relief might be granted and seeks monetary relief from an immune defendant. In any event, if and when the Court orders service of process, it must be done by the U.S. Marshal, not Plaintiff. See § 1915(d).

[2] Shively does not in fact appear to be PennDOT's director. Yassmin Gramian is Pennsylvania's acting secretary of transportation, PennDOT's head officer. See Sec'y of Transp., Pa. Dep't of Transp., https://www.penndot.gov/about-us/DepartmentExecutives/Pages/SecretaryofTransportation.aspx (last visited Jan. 16, 2020). She replaced Leslie Richards, who had been the secretary since 2015. See Patricia Madej, SEPTA Appoints PennDOT Secretary Leslie Richards as General Manager, The Phila. Inquirer (Nov. 21, 2019).

2

"administrative or judicial hearing" before his license was suspended. (Id. at 4-7.) A PennDOT representative told him that he had to pay the amount owed or "otherwise there was nothing [PennDOT] could do" about the suspension. (Id. at 5.) His letter to PennDOT requesting an investigation of his "complaint of unlawful suspension" was received but never responded to (id. at 5, 7; see id., Exs. G & H),[3] and he has not been provided "any proof" that the alleged accident occurred or that a judgment was rendered against him (id. at 8).

After screening the FAC under 28 U.S.C. § 1915(e)(2), the Court finds that its allegations fail to state a claim on which relief might be granted. Because at least some of his claims might be cured by amendment, they are dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless absolutely clear that deficiencies cannot be cured). Plaintiff's claims against Defendant in his official capacity for damages cannot be cured and therefore are dismissed with prejudice. If Plaintiff desires to pursue any of his claims, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below.

---

[3] Plaintiff attached exhibits to his original Complaint but not to his amended one, which is the operative pleading. He must attach all exhibits to which he refers to any amended complaint he chooses to file in response to this order. For now, the Court refers to the exhibits attached to the original Complaint and referenced in the amended one.

**STANDARD OF REVIEW**

A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008). In considering whether a complaint states a claim, a court must generally accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-rights claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held

4

to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted); Byrd v. Phx. Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam).

**DISCUSSION**

Plaintiff sues Defendant exclusively in his official capacity as PennDOT's "Director," seeking only damages. (FAC at 1-2, 10.) Even assuming Defendant is in fact a PennDOT employee, Plaintiff's claims against him fail.[4]

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166 (emphasis in original). Thus, Plaintiff's official-capacity claims are properly treated as claims against the Pennsylvania Department of Transportation. See Shilling v. Crawford, 377 F. App'x 702, 704-05 (9th Cir. 2010) (suits against state officials in official capacity for damages are "no different than suits against the state itself").

Based on sovereign-immunity principles, the 11th Amendment dictates that the State, its agencies, and its officials acting

---

[4] The Court assumes for purposes of this order that venue is proper in the Central District of California, although it is not clear that "a substantial part of the events or omissions giving rise to the claim occurred" here or that a "substantial part" of any property at issue is "situated" here. § 1391(b)(2).

5

in their official capacity cannot be sued for money damages. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000) (finding that "Pennsylvania legislature has, by statute, expressly declined to waive its Eleventh Amendment immunity" for claims brought in federal court); Leer v. Murphy, 844 F.2d 628, 631-32 (9th Cir. 1988) (holding that 11th Amendment bars official-capacity actions for damages against state officials). Thus, Plaintiff's § 1983 claims for money damages against Defendant in his official capacity are barred by the 11th Amendment. See Daye v. Pennsylvania, 483 F.2d 294, 299 (3d Cir. 1973) (holding that PennDOT was entitled to 11th Amendment immunity); Carpellotti v. Dep't of Transp., No. 16-cv-00998, 2016 WL 11658897, at *1 (W.D. Pa. Nov. 23, 2016) (finding suit for money damages against PennDOT and its secretary of transportation barred by 11th Amendment); see also Lacambra v. City of Orange, No. 8:18-cv-00960-RGK-KES, 2019 WL 3416684, at *4 (C.D. Cal. July 1, 2019) (holding that "[f]ederal courts consistently find [California] DMV immune from suit in § 1983 actions" and collecting cases), accepted by 2019 WL 3412161 (C.D. Cal. July 26, 2019).

Accordingly, because Defendant is immune from suit for damages in his official capacity, those claims are dismissed without leave to amend and with prejudice.[5]

---

[5] Plaintiff is warned that the FAC's allegations are also inadequate to state any individual-capacity claims against Defendant. To state a claim under § 1983, "a plaintiff must allege

6

To be sure, the 11th Amendment does not bar official-capacity claims against state officials for prospective injunctive relief, to end a continuing violation of federal law. See Ex parte Young, 209 U.S. 123, 155-57 (1908); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). But Plaintiff seeks only damages and has not requested any injunctive relief. (See FAC at 1-2, 10.) To the extent he wishes to do so in any amended pleading, he may not base it on his suggestion that Pennsylvania does "not have any legal authority or jurisdiction" to suspend his California driver's licenses. (Id. at 6; see also id. at 9-10.) California and Pennsylvania are signatories to the Driver License Compact, see Cal. Veh. Code § 15000, an agreement under which a signatory state may not issue a driver's license if the applicant's license has been suspended by a licensing authority in another signatory state, id. § 15024(1).

---

the violation of a right secured by the Constitution . . . committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). To establish a defendant's liability, the plaintiff must show either the defendant's direct, personal participation in the constitutional violation or some sufficient causal connection between the defendant's conduct and the alleged violation. Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); see Iqbal, 556 U.S. at 676 (in § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Here, Plaintiff fails to allege that Defendant personally took any action against him. Indeed, although he names several PennDOT representatives he allegedly communicated with as he investigated why his licenses had been suspended (see FAC at 3, 6-7), Defendant is not among them, and nothing suggests that he personally participated in suspending Plaintiff's licenses.

Nonetheless, a driver's license is constitutionally protected property and cannot be taken away without the procedural due process required by the 14th Amendment. Franceschi v. Yee, 887 F.3d 927, 935 (9th Cir. 2018) (citing Bell v. Burson, 402 U.S. 535, 539 (1971)). The essence of procedural due process is that "individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" Dusenbery v. United States, 534 U.S. 161, 167 (2002) (citation omitted). If Plaintiff wishes to seek injunctive relief in any amended pleading, he must adequately allege that his California driver's licenses were suspended without procedural due process.

********************

If Plaintiff desires to pursue any of his claims,[6] he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed above. The SAC should bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself, without reference to the original Complaint or FAC. He should omit the claims the Court has dismissed without leave to amend. **He is warned that if he fails to timely file a sufficient**

---

[6] Plaintiff recently filed notice that he was planning to meet and confer on January 12, 2020, with a representative of PennDOT. If Plaintiff now no longer desires to pursue this lawsuit, he should file a notice of voluntary dismissal.

**SAC, the Court may dismiss this action entirely on the grounds set forth above or for failure to diligently prosecute.**

DATED: January 22, 2020

                                   JOHN F. WALTER
                                   U.S. DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge