**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD DWAYNE SCOTT, JR., | Case No. EDCV 19-2090-JFW (JPR) |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND WITH PREJUDICE |
| v. | |
| YASSMIN GARMIN, Acting Pennsylvania Department of Transportation Director, | |
| Defendant. | |

On October 18, 2019, Plaintiff, proceeding pro se, filed a civil-rights action raising three claims under 42 U.S.C. § 1983. Before the Court could consider his request to proceed in forma pauperis or screen the Complaint, he filed a First Amended Complaint on November 15, 2019. He was subsequently granted leave to proceed in forma pauperis. On January 22, 2020, the Court dismissed the FAC with leave to amend, explaining to Plaintiff that his damages claims were barred by the sole Defendant's 11th Amendment immunity. The Court warned him, in bold letters, that if he did not correct the FAC's deficiencies, his lawsuit could be dismissed in its entirety. On January 29, 2020, Plaintiff filed a Second Amended Complaint.

1

Plaintiff's SAC is virtually identical to his FAC. The only change he has made is to substitute Yassmin Garmin for the prior Defendant, presumably because the Court pointed out in its January 22 order that Garmin was in fact the acting secretary of the Pennsylvania Department of Transportation, not the person Plaintiff had originally named. Just as he did with the prior Defendant, Plaintiff sues Garmin only in her official capacity (SAC at 2) but continues to ask exclusively for money damages (<u>id.</u> at 10).

For the reasons stated in the January 22 dismissal order, the SAC fails to state a claim on which relief might be granted. The Court gave Plaintiff an opportunity to correct the FAC's deficiencies, and he has declined to do so, instead filing an amended complaint that is almost word-for-word identical to the one the Court previously dismissed. Thus, it is clear that Plaintiff will not correct the problems with his claims, and this lawsuit must be, and is, DISMISSED without leave to amend and with prejudice. <u>See</u> <u>Nevijel v. N. Coast Life Ins.</u>, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal with prejudice of amended complaint that was "equally [deficient] as the initial complaint").

DATED: <u>February 18, 2020</u>

*/s/ John F. Walter*
JOHN F. WALTER
U.S. DISTRICT JUDGE

Presented by:

*/s/ Jean P. Rosenbluth*
Jean P. Rosenbluth
U.S. Magistrate Judge